Rodell JOHNSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 01–WY–1107–CB (PAC).

United States District Court,
D. Colorado.

Aug. 26, 2002.

Richard Joseph Nolan, R.J. Nolan Law Offices, PC, Littleton, CO, for plaintiff.

August A. Omholtz, III, U.S. Department of Justice Tax Division, Washington, DC, for defendant.

## ORDER AMENDING JULY 12, 2002 JUDGMENT

BRIMMER, District Judge.

This case involves a disputed income tax refund originally claimed by Plaintiff on his 1999 tax return. The case is now before the Court on Defendant's Motion to Amend Judgment Re Computation of Interest. After reading the briefs and being fully advised of the premises, the Court **FINDS** and **ORDERS** as follows:

This Court entered an Order which granted Defendant's Motion for Summary Judgment as to its Counterclaim to Recover Erroneous Tax Refund and dismissed all of Plaintiff's claims with prejudice on July 3, 2002. Judgment was entered on July 12, 2002 which ordered Plaintiff to repay the erroneous tax refund in the amount of $84,211.61, to the IRS, plus interest accruing at 2.13% from the date that Plaintiff negotiated the refund check (on or about July 16, 2001) through the date of payment of the full amount. On July 25, 2002, Defendant filed a Motion to Amend Judgment Re Computation of Interest to provide for the correct rate of interest on the tax judgment. Plaintiff responded to Defendant's Motion with the argument that the Defendant's Motion was not timely as it was filed twelve calendar days after entry of judgment, and pursuant to Fed.R.Civ.P. 59(e), a motion to amend judgment must be filed no later than ten days after entry of judgment. However, the Court finds this objection to be misplaced, as Fed.R.Civ.P. 6(a), governing computation of time periods set forth in the Federal Rules of Civil Procedure, clearly says that when "the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed.R.Civ.P. 6(a). Therefore, in accordance with Fed.

R.Civ.P. 59(e) and 6(a), Defendant's Motion to Amend Judgment was timely. In accordance with the Court's ruling on the merits of Plaintiff's claims, Plaintiff's other protests to the amendment of judgment are without merit. The Court finds that interest shall be computed as set out in Defendant's Motion.

Therefore, Defendant's Motion to Amend Judgment Re Computation of Interest is **HEREBY GRANTED.** The July 12, 2002 Judgment in the above-entitled case **SHALL BE AMENDED** so that the principal amount of $84,211.61 owed by Plaintiff to the IRS shall bear interest in accordance with 26 U.S.C. § 6602 at the underpayment rate set forth in 26 U.S.C. § 6621(a)(2) from the date of the payment of the refund. The hearing on this matter previously scheduled on September 3, 2002 at 11 a.m. is **VACATED,** as the matter was decided on the briefs.